UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DANIEL CAVAZOS,** | § | Civil Action No. _____ |
| *Plaintiff,* | § § § | |
| v. | § § | JURY TRIAL DEMANDED |
| **MIRA BAHIA CORPUS CHRISTI LP, PROPORTIONAL PROSPERITY, L.L.C., AND MARCO GAMBOA** | § § § § | |
| *Defendants.* | § § § | |

## ORIGINAL COMPLAINT

Plaintiff—Daniel Cavazos ("Cavazos")—brings this action against Defendant—Mira Bahia Corpus Christi LP ("Mira Bahia"), Proportional Prosperity, L.L.C. ("Proportional"), and Marco Gamboa ("Gamboa") (collectively "Defendants")—seeking all available relief, including unpaid wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other damages allowed by law, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and for damages associated with Defendants' breach of the written contract between the Parties. Alternatively, Plaintiff Cavazos seeks relief for his unpaid wages according to Texas common law.

### I.
### OVERVIEW

1. Plaintiff sues to recover unpaid wages, overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, and damages resulting from Defendants' breach of contract or, alternately, unpaid straight time and other applicable penalties pursuant to Texas state law.

2. Defendants own and lease commercial offices in the city of Corpus Christi, Texas.

3. Defendants misclassified Plaintiff Cavazos as an independent contractor not covered by the FLSA; Plaintiff worked for Defendants as an employee.

4. Although Plaintiff Cavazos worked in excess of forty (40) hours per workweek, Plaintiff Cavazos was not paid overtime of at least one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Defendants not to pay overtime compensation to Plaintiff Cavazos was neither reasonable nor in good faith.

6. Defendants knowingly and deliberately failed to compensate Plaintiff Cavazos overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff Cavazos did not perform work that meets the definition of exempt work under the FLSA; he was a non-exempt employee of Defendants entitled to the protections of the FLSA.

8. Plaintiff Cavazos also seeks to recover his contractual damages owed as a result of Defendants' breach of the agreement between the Parties, or alternatively, to recover unpaid straight time and other damages owed under Texas state law.

9. Specifically, Defendants agreed to pay Cavazos $16 per hour worked but failed to pay Cavazos for each hour that he worked.

## II.
## THE PARTIES

10. Plaintiff—Daniel Cavazos—worked for Defendants within the relevant time period. Plaintiff failed to receive compensation for all hours worked and for the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

11. Defendant Mira Bahia Corpus Christi LP is a domestic limited partnership doing business in the State of Texas and may be served through its registered agent for service, Marco Gamboa, 314 Lakeridge Drive, San Antonio Texas 78229.

12. Defendant Proportional Prosperity, L.L.C. is Defendant Mira Bahia's general partner and a domestic limited liability company doing business in the State of Texas and may be served through its registered agent for service, Marco Gamboa, 314 Lakeridge Drive, San Antonio Texas 78229.

13. Defendant Marco Gamboa is the managing member of Defendant Proportional and an employer as defined by 29 U.S.C. § 203(d). Defendant Gamboa may be served with service of process at: 314 Lakeridge Drive, San Antonio Texas 78229 or wherever he may be found.

14. Defendants are joint employers under the FLSA. They had common ownership, oversight and control over Plaintiff. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the wage provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

15. This Court has subject-matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 29 U.S.C. § 1367.

17. Plaintiff has entered into no arbitration agreement that would affect the Court's jurisdiction.

18. This Court has general and specific personal jurisdiction over Defendant Gamboa because he is a Texas resident.

19. This Court has general personal jurisdiction over Maria Bahia and Prosperity because Prosperity is Maria Bahia's general partner and is a Texas limited liability company.

20. This Court also has specific personal jurisdiction over Defendants because Plaintiff's claims arose within this District as a direct result of Defendants' conduct within this District.

21. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Plaintiff Cavazos worked in and around Corpus Christi, Texas, throughout his employment with Defendants, which is located in this District and Division.

## IV.
## ADDITIONAL FACTS

23. Defendants operate commercial property in Corpus Christi, Texas.

### Defendants are Joint Employers

24. Defendants are joint employers under the FLSA.

25. Defendants directly hired Plaintiff.

26. Defendants controlled Plaintiff's work schedules and conditions of employment.

27. Specifically, Defendant Gamboa set the weekly work schedules for Plaintiff.

28. Defendant Gamboa also defined the primary work duties for Plaintiff.

29. Defendants determined the Plaintiff's rate and method of payment of wages.

30. At times, Defendant Prosperity directly paid Plaintiff for his work.

31. At times Defendant Mira Bahia directly paid Plaintiff for his work.

32. Defendant Gamboa determined the hourly rate of pay for Plaintiff.

33. Defendants maintained control, oversight, and direction over Plaintiff including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

34. Moreover, Defendant Gamboa created Defendants' illegal pay practice, that is he chose (mis)classify Plaintiff as an independent contractor Plaintiff.

35. Defendant Gamboa also determined that neither Defendant Prosperity nor Defendant Mira Bahia would compensate Plaintiff for work performed outside his set daily hours.

36. Defendants mutually benefitted from the work performed by Plaintiff.

37. Specifically, Plaintiff maintained property owned by the Defendants and assisted their customers who leased property from the Defendants.

38. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff. Defendants shared the services of Plaintiff as Plaintiff maintained their property and assisted their customers.

39. Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of their clients.

40. Defendants held the power to direct the Plaintiff's daily activities and work duties.

41. Specifically, Defendants told Plaintiff what to tasks he needed to complete each day and directed him to assist their customers when any customer filed a maintenance service request.

42. All Defendants had the power to hire and fire Plaintiff.

43. Specifically, Defendants, acting through Defendant Gamboa hired and fired Plaintiff.

44. Defendants maintained Plaintiff's employment records.

45. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions.

**Defendants Treated Plaintiff as an Employee—Not an Independent Contractor.**

46. Defendants improperly classified Plaintiff Cavazos as an independent contractor.

47. This classification was improper because Plaintiff Cavazos was not in business for himself.

48. Instead, he was economically dependent upon Defendants.

49. Defendants paid Plaintiff Cavazos a straight hourly wage but failed to pay Plaintiff Cavazos for all hours worked and failed to pay him any overtime compensation.

50. Plaintiff Cavazos worked exclusively for Defendants as a Maintenance Man.

51. Plaintiff Cavazos's primary job duties involved providing building maintenance and repair work at the direction of Defendants.

52. Defendants scheduled Plaintiff Cavazos to work over forty (40) hours nearly every (if not every) workweek that he performed services for Defendants.

53. Plaintiff worked for Defendants from approximately May of 2019 until January of 2024.

54. Plaintiff Cavazos worked sixty-five (65) hours a week for Defendants on average, but was only paid for approximately forty (40) hours per week during his employment.

55. Defendants paid Plaintiff Cavazos at the rate of $16.00 per hour.

56. Although it is well-known that blue-collar workers like Plaintiff Cavazos are not exempt from overtime, Defendants did not pay him the overtime compensation as required by the FLSA for hours worked in excess of forty (40) in a workweek.

57. Plaintiff Cavazos conducted his day-to-day work for Defendants within mandatory and designed parameters and in accordance with pre-determined operational plans created by Defendants and/or their clients.

58. Specifically, Defendants's managers or its commercial residents told Plaintiff Cavazos what to do each day he worked, such as repairing the HVAC system, repairing leaking pipes, moving boxes, replacing doors, mowing the grass, replacing air filters, cleaning, and electrical repair work.

59. Plaintiff Cavazos's daily and weekly activities were mostly pre-determined and governed by standardized plans, procedures, and checklists created by Defendants.

60. Virtually every job function of Plaintiff was pre-determined by Defendants, including the tools to use at a job site, Plaintiff Cavazos's schedule of work, and related work duties.

61. At times, Plaintiff Cavazos worked alongside his immediate supervisor, who directed him how to perform certain tasks, such as how to perform some HVAC system maintenance and plumbing repair work.

62. Moreover, Plaintiff Cavazos's job functions were primarily manual labor in nature and did not require a college education or other advanced degree.

63. Indeed, Plaintiff Cavazos did not have any prior training in building maintenance and instead learned how to perform his work under the direction of his immediate supervisor, Defendant Gamboa.

64. Plaintiff relied on his hands, physical skills, and energy to perform manual and routine maintenance and repair work.

65. Defendants determined the hours Plaintiff Cavazos worked.

66. Defendants set Plaintiff Cavazos's pay and controlled the number of hours he worked on a weekly basis.

67. Defendants set all employment-related policies applicable to Plaintiff Cavazos.

68. Defendants required Plaintiff to be on-call for all building maintenance work twenty-four hours a day, seven days a week.

69. Defendants also created the policy under which it refused to pay Plaintiff Cavazos for any time he spent working after normal business hours despite requiring him to respond to all on-call requests.

70. Defendants maintained control over pricing and marketing.

71. Defendants owned or controlled the equipment and supplies that Plaintiff Cavazos used to perform his work.

72. Defendants held the power to hire and fire Plaintiff Cavazos.

73. Defendants made all personnel and payroll decisions with respect to Plaintiff Cavazos including but not limited to, the decision to classify Plaintiff Cavazos as an independent contractor and to pay him a straight hourly wage for all hours worked with no overtime pay.

74. Defendants reimbursed Plaintiff Cavazos for expenses related to his work, such as buying materials needed for repairs.

75. Defendants provided tools and equipment that Plaintiff Cavazos used.

76. Plaintiff Cavazos did not employ his own workers.

77. Plaintiff Cavazos worked continuously for Defendants on a permanent full-time basis.

78. Defendants, instead of Plaintiff Cavazos, made the large capital investments in leases, buildings, equipment, tools, and supplies.

79. Plaintiff Cavazos relied exclusively on Defendants for his work.

80. Plaintiff Cavazos did not market any business or services of his own.

81. Instead, Plaintiff Cavazos worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants and its customers.

82. Plaintiff Cavazos did not earn a profit based on any business investment of his own.

83. Rather, Plaintiff Cavazos's only earning opportunity was based on the number of hours he was allowed to work, which was controlled by Defendants and its customers.

84. Nor did Plaintiff bear any risk of losses associated with his work.

**Defendants Violated the FLSA by Failing to Pay Overtime.**

85. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

86. Because Defendants failed to compensate Plaintiff Cavazos time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay practices violated the FLSA.

87. Defendants followed this pay practice despite clear and controlling law that states that Plaintiff Cavazos was a non-exempt employee, not an independent contractor.

**Unpaid After-Hours Work**

88. Defendants set Plaintiff's weekly work schedule as Monday through Friday from 7:00 a.m. to 5:00 p.m.

89. As part of his employment, Defendants required Plaintiff Cavazos to be on-call for building maintenance requests made by Defendants or its customers twenty-four hours a day, seven days a week.

90. On average, Plaintiff Cavazos received one maintenance request each weekday day outside of his scheduled hours. On average, Plaintiff Cavazos received one to three maintenance requests over each weekend.

91. Each after hours maintenance request Plaintiff Cavazos received typically took one (1) to three (3) hours of work to complete. Work performed by Plaintiff Cavazos outside his scheduled work hours is referred to as "After Hours Work."

92. After Hours Work ranged from fixing the building HVAC system, altering the HVAC system's settings, fixing broken or leaking plumbing, fixing locks, and unlocking doors.

93. At first, Plaintiff Cavazos reported his After Hours Work to his immediate supervisor Defendant Gamboa for compensation.

94. After Plaintiff Cavazos reported his After Hours Work, Defendant Gamboa informed Plaintiff Cavazos that there was no need to record the time as it was not compensable.

95. Even though Defendants required Plaintiff Cavazos to be on call 24/7, required him to respond to after-hours maintenance requests, and knew Plaintiff Cavazos was performing After Hours Work, Defendants refused to pay Plaintiff Cavazos for this compensable work time.

96. Indeed, Defendants specifically instructed Plaintiff Cavazos to not record all of his hours worked because it would not pay for his clearly compensable After Hours Work.

**Defendants' Breach of Contract, or Alternately, Violation of Texas Common Law**

97. Plaintiff Cavazos entered into a valid and enforceable written contract with Defendants.

98. That contract provided that Plaintiff Cavazos would be paid at an hourly rate of sixteen (16) dollars for every hour worked for his services.

99. Plaintiff Cavazos performed work on behalf of Defendants, but Defendants breached that agreement by refusing to compensate him for each hour worked.

100. Specifically, Plaintiff Cavazos worked an average of sixty-five (65) hours a week for Defendants from approximately May of 2019 to January of 2024, but was not compensated for all of those hours worked at the agreed rate.

101. Plaintiff Cavazos is owed unpaid wages, rightfully due and payable to him under the terms of the agreement between Plaintiff Cavazos and Defendants.

102. Because Defendants did not pay Plaintiff Cavazos according to the contract between them, Defendants is in breach of contract and are liable for all ensuing damages.

103. Alternatively, because Defendants did not pay Plaintiff Cavazos for all straight-time hours worked, Plaintiff may recover under the doctrine of *quantum meruit*.

# V.
# CAUSES OF ACTION

## COUNT ONE
### (FLSA Violation)

**A.    FLSA COVERAGE**

104.   All previous paragraphs are incorporated as though fully set forth herein.

105.   At all material times, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

106.   At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

107.   At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

108.   During the respective periods of Plaintiff Cavazos's employment by Defendants, he provided services for Defendants that involved interstate commerce for purposes of the FLSA.

109.   In performing the operations hereinabove described, Plaintiff Cavazos was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

110. Specifically, Plaintiff Cavazos is (or was) a non-exempt employee who worked for Defendants and was engaged in commercial services that were directly essential to the providing of goods and services by Defendants to its customers. 29 U.S.C. § 203(j).

111. At all material times, Plaintiff Cavazos was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

112. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

113. All previous paragraphs are incorporated as though fully set forth herein.

114. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

115. Plaintiff Cavazos has suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants is in possession and control of necessary documents and information from which Plaintiff Cavazos would be able to precisely calculate damages.

116. Moreover, Defendants knowingly, willfully and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff Cavazos overtime compensation. 29 U.S.C. § 255(a).

117. Defendants knew or should have known their pay practices were in violation of the FLSA.

118. Defendants are sophisticated parties and employers, and therefore knew (or should have known) that their policies violated of the FLSA.

119. Plaintiff Cavazos, on the other hand, is (and was) an unsophisticated employee who trusted Defendants to compensate him in accordance with the law.

120. The decision and practice by Defendants to not pay overtime for all overtime hours was neither reasonable nor in good faith.

121. Accordingly, Plaintiff Cavazos is entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times his regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

## COUNT TWO
### (Breach of Contract)

122. Plaintiff Cavazos incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

123. Plaintiff Cavazos entered into a written contract with Defendants to work exclusively for Defendants as their worker (the "Agreement").

124. The Agreement provides that Defendants would compensate Plaintiff Cavazos at a rate of sixteen dollars ($16.00) for each hour worked on behalf of Defendants.

125. Plaintiff Cavazos performed his end of the Agreement by performing the work he was assigned by Defendants.

126. Plaintiff Cavazos worked an average of sixty (60) hours a week from approximately May 2019 to January 2024, for Defendants

127. Defendants breached the Agreement by not compensating Plaintiff Cavazos for each hour he worked on their behalf at the agreed rate.

128. Instead, Plaintiff Cavazos was only paid for his scheduled work and was not paid for all of his After Hours Work.

129. Plaintiff Cavazos fully performed his contractual obligations pursuant to the Agreement.

130. However, Defendants materially breached the Agreement by failing to perform their obligations under the Agreement.

131. All conditions precedent have been performed by Plaintiff Cavazos or have occurred or have been waived.

132. As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff Cavazos suffered actual damages in the amount of unpaid wages under the Agreement.

133. Plaintiff Cavazos may also recover from Defendants his reasonable and necessary attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001–.006, pre-judgment and post-judgment interest at the maximum legal rate, and costs.

## COUNT THREE
### (Violations of Texas Common Law)

134. Plaintiff Cavazos incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

135. In the alternative to his claim for breach of contract, Plaintiff Cavazos further brings this action pursuant to the equitable theory of *quantum meruit*.

136. Plaintiff Cavazos is entitled to recover his unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants.

137. Because these claims are independent of Plaintiff Cavazos's claims for unpaid overtime wages pursuant to the FLSA, they are not preempted by the FLSA.

138. Plaintiff Cavazos provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

139. Plaintiff Cavazos conferred a valuable benefit on Defendants because he provided services to Defendants without proper compensation.

140. Defendants accepted Plaintiff Cavazos's services and benefited from his timely dedication to Defendants' policies and adherence to Defendants' schedule.

141. Defendants were aware that Plaintiff Cavazos expected to be compensated at the agreed rate for the services he provided Defendants.

142. Defendants has therefore benefited from services rendered by Plaintiff Cavazos, and it is inequitable for Defendants to retain the benefit of Plaintiff Cavazos's services without paying fair value for them.

143. Plaintiff Cavazos is thus entitled to recover compensation for his services pursuant to *quantum meruit*.

## VI.
## RELIEF SOUGHT

144. Plaintiff Cavazos respectfully prays for judgment against Defendants as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for, and awarding Plaintiff, unpaid back wages and liquidated damages;

    b.    For an Order finding Defendants liable for, and awarding Plaintiff, damages for breach of contract or, alternately, for *quantum meruit*;

    c.    For an Order awarding Plaintiff the costs and expenses of this action;

    d.    For an Order awarding Plaintiff's attorneys' fees;

    e.    For an Order awarding Plaintiff pre-judgment and post-judgment interest at the maximum legal rate;

    f.    For an Order granting all other proper legal and equitable relief.

Date:   March 1, 2024        Respectfully submitted,

                          **ANDERSON ALEXANDER, PLLC**

            By:    */s/ Clif Alexander*
                        **Clif Alexander**
                        Federal I.D. No. 1138436
                        Texas Bar No. 24064805

clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff*